PORT HURON MACHINERY COMPANY, APPELLEE, V. LEWIS J. LARSON ET AL., APPELLANTS.

FILED JANUARY 7, 1914. No. 17,440.

Fraudulent Conveyances: CREDITORS' SUIT. Real estate fraudulently transferred to prevent the collection of the grantor's debts, with full knowledge of the grantee, may be subjected to the payment of a judgment subsequently rendered against the grantor upon a claim existing at the time of the fraudulent conveyance.

APPEAL from the district court for Pierce county: ANSON A. WELCH, JUDGE. *Affirmed.*

*Fred H. Free* and *K. W. McDonald,* for appellants.

*A. J. Sawyer, H. F. Barnhart* and *Morning & Ledwith, contra.*

ROSE, J.

This is a creditor's bill. In the district court for Lancaster county plaintiff recovered a judgment against Lewis J. Larson for $862.96, and filed a transcript thereof in the district court for Pierce county, where an execution was issued and returned unsatisfied. The debtor, through a devise from his father, had previously acquired a one-fifth interest in a number of tracts of land in Pierce county. This interest, on the face of a quitclaim deed, was transferred to Weaver L. Larson, a brother of grantor, for the expressed consideration of $350, before plaintiff recovered judgment, but after the debt had been incurred. The present suit was brought in the district court for Pierce county to subject the property described in the quitclaim deed to the payment of plaintiff's judgment, on the ground that the conveyance was made for the purpose of defrauding plaintiff and to hinder and delay it in collecting its claim. All of the defendants made default, except the grantee named in the alleged fraudulent quitclaim deed, who answered that he purchased the property for value, in good faith, without knowledge of his brother's indebtedness to plaintiff. On a trial of the issues, the district court found that the quitclaim deed was made with the intent to hinder, delay and defraud plaintiff, while grantee had full knowledge of the facts. From a decree subjecting the property in controversy to the payment of plaintiff's judgment, grantee has appealed.

The sufficiency of the evidence to justify the relief granted is the only question presented. On the issue of fact, the preponderance of the evidence is clearly in favor of plaintiff. Grantor was insolvent when he made the deed, and his intention to prevent the collection of plaintiff's claim is fairly established by the proofs. The proper finding from all the circumstances is that grantee knew of his brother's intention to defraud plaintiff, and accepted the deed with full knowledge of the facts, if he did not participate actively in the fraud.

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.